**UNITED STATES DISTRICT COURT**　　　　**PRIORITY SEND**
**CENTRAL DISTRICT OF CALIFORNIA**　　　　　　**JS-6**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.　**CV 11-1694-JFW (JEMx)**　　　　　Date:　March 21, 2011

Title:　　　Silvia Lee, et al. *-v-* Jonathan Lender, et al.

─────────────────────────────────────────────

**PRESENT:**
　　　　　**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

　　**Shannon Reilly**　　　　　　　　**None Present**
　　**Courtroom Deputy**　　　　　　　**Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　**ORDER DISMISSING ACTION FOR LACK OF**
　　　　　　　　　　　　　　　　　　**SUBJECT MATTER JURISDICTION**

　　　On February 25, 2011, Plaintiffs Sylvia Lee and SL Works, Inc. ("Plaintiffs") filed a Complaint in this Court against Defendants Jonathan Lender, Secco Squared, LLC, and LT Multimedia, LLC.  Plaintiff's Complaint alleges that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).

　　　Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

　　　Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  It is clear from the face of the complaint that the Court lacks jurisdiction of the subject matter of this action because the parties are not completely diverse.  Plaintiff SL Works, Inc. is a citizen of California, as it is both incorporated in California and has its principal place of business in California.  Likewise, Defendant L2 Multimedia, LLC is a citizen of California.  A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Accordingly, because one of Defendant L2 Multimedia, LLC Works, Inc.'s members (Plaintiff SL Works, Inc.) is a citizen of California, Defendant L2 Multimedia, LLC Works, Inc. is also a citizen of California.

　　　　　　　Initials of Deputy Clerk __sr__

Because Plaintiffs and Defendants are not completely diverse, the Court hereby
**DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_